(Licking County Common Pleas.)

## THE STATE OF OHIO v. JAMES J. MULLANEY.

(1). It is not necessary in a petition for a writ of habeas corpus to set out fully the facts and circumstances of the imprisonment or restraint constituting the ground for the relief asked.

(2). Perjury can not be predicated on an untrue fact sworn to in a petition for a writ of habeas corpus, which is not material to the issue.

(3). There is no good reason why, if a person who swears wilfully and falsely, and if all the other elements of perjury are present, perjury cannot be predicated on a pleading verified on belief.

(4). Where a person imprisoned for failure to pay a fine, in a petition duly verified, for a writ of habeas corpus, states that such fine has been paid, when in fact such fine has not been paid, perjury cannot be predicated on such false statement, as such averment is of a fact not required to be stated in the petition.

(For decision in Probate Court in this case see 8 Ohio Nisi Prius Rep. 49.)

### WICKHAM, J.

The case of the state of Ohio v. James J. Mullaney is submitted to the court upon a general demurrer to the indict ment.

The indictment charges that James J. Mullaney, of the county of Licking and state of Ohio, on the 18th day of August, in the year of our Lord, one thousand nine hundred, with force and arms. in the said county of Licking, and state of Ohio, in a certain proceeding by him instituted in the probate court in and for said county of Licking and state of Ohio, wherein the state of Ohio, on relation of James J. Mullaney, was plaintiff, and George W. Horton, sheriff and jailor of Licking county, Ohio, was respondent, praying for a writ of habeas corpus, said court there and then having jurisdiction in said proceedings, appeared before Phil. B. Smythe, then and there a notary public in and for said county of Licking and state of Ohio, duly authorized to administer oaths, and being duly sworn by said notary public, made solemn oath, corruptly and willfully, to a certain petition in the proceeding aforesaid, containing certain averments, and, among others, the following averment, that is to say: "Said fine, to-wit, the said sum of five dollars, has been paid;" said statement and averment that said fine, to wit: The sum of five dollars, has been paid, was material to the issues involved in said proceedings in said probate court; whereas in truth and in fact, said fine, to-wit; the sum of five dollars, had not then and there been paid, or any part thereof, as the, the said James J. Mullaney, then and there well knew.

"And the said James J. Mullaney, at the time he so made oath to the matters aforesaid, and under his oath declared the same to be true, then and there well knew the same to be false, contrary to the form of the statue in such case made and provided, and against the peace and dignity of the state of Ohio."

In arguing the demurrer, counsel submitted a brief of the authorities on the points raised. Counsel for the defendant make the point that the indictment must allege that the pleading was one required by law to be verified, and cite authorities in support of that proposition. The statute requires that a petition of habeas corpus shall be verified. I do not think it is necessary, in an indictment charging perjury, as in this case, that the state shall allege that the pleading was one required by law to be verified. One of the authorities cited by counsel is 17 Ohio Rep., 365, where it was held that perjury, predicated on an answer in chancery, was not properly charged in the indictment unless it was also charged in the indictment that the bill called for an answer under oath.

It seems that, under the former chancery practice, the defendant is not required to verify an answer in chancery unless the bill called for an answer under oath; and if the state sought to charge perjury, without alleging that the bill required the answer to be verified, it was not properly charged, and the indictment is bad. That would not be an authority here, because the statute says that the petition for a writ of habeas corpus shall be verified. Courts, and every person for that matter, must be presumed to know what the law is, and it certainly would not be necessary for the state to aver in the indictment a thing that is provided by law; that is, that the pleading was required by law to be verified.

The next claim is that the oath was extra judicial; that the oath, to be perjury, must be absolute, and not upon belief.

In Wilson's Criminal Code I find a form for an indictment charging perjury for falsely verifying a pleading; and counsel have cited authorities that hold directly that, to falsely swear in a pleading on belief, is not perjury. No good reason occurs to the court why, if a person swears wilfully and falsely, and if all the other elements of perjury are present, perjury cannot be predicated on a pleading verified on belief.

There is another question and that is: The materiality of the matter complained of in the indictment. The indictment sets forth that this was a petition for a writ of habeas corpus. We

look then to the statutes to determine what is required for a writ of habeas corpus; what sort of a petition it must be. Section 5728 provides that the application for the writ shall be by petition signed and verified and it must possess these requirements:

1st. That the person in whose behalf the application is made, is imprisoned or restrained of his liberty.

2nd. The officer or name of the person by whom imprisoned.

3rd. The place where he is so imprisoned.

4th. A copy of the commitment or cause of detention of such person shall be exhibited if it can be procured without impairing the efficiency of the remedy; or if the imprisonment or detention is without any legal authority, such fact shall appeal.

Those are the four requisites to a petition for habeas corpus.

Now the statute does not more specifically provide, or does not indicate how such facts shall appear. "If the imprisonment or detention is without any legal authority, such fact shall appear."

It has been the practice, it appears on examination of the books, from almost time immemorial, in this state, to allege in the petition the simple allegation that the person is unlawfully restrained of his liberty. In examining the old works on Pleading, I find all the forms that way, and Mr. Kinkead, in his work on Pleading, speaks of that. He has a different opinion, however. In the chapter on habeas corpus, he says he does not think that form of petition is sufficient; that it is pleading a conclusion of law to say that a person is unlawfully restrained of his liberty. Well, that may be so, and probably it is so, but there are cases in which conclusions of law are plead, and properly plead. The general rule is that conclusions of law shall not be pleaded. It is proper to say, for instance, in a petition on a note, that there is due so much, or that the defendant is indebted to the plaintiff. That the defendant is indebted to the plaintiff is a conclusion of law, or that there is due a certain sum of money; and yet it is good pleading in this state under the code.

By Edward Kibler: The statute requires it to be plead that way too.

The Court: Yes, I believe it does. Now, in his chapter on habeas corpus, Mr. Kinkead, section 652, sets out what in his opinion is necessary for a writ of habeas corpus; and he gives a form in section 653; and in that form it appears that, in his judgment, the petition must set out all the facts to show affirmatively that he is unlawfully restrained of his liberty; but, in the next secton, 654, he sets out a form which is the same as the form in all the old works. It is very short:

"Your petitioner J. F. S, respectfully represents that he is unlawfully restrained of his liberty by J. E. M., chief of police of the city of C., at the city prison. The pretended cause of the imprisonment is as follows, and shown by copy of the commitment hereto attached, marked 'Exhibit A,' which should be attached if it can be procured, and if it cannot be procured, I suppose it is only necessary for the petitioner to say that he is unable to procure a copy of the commitment, and conclude: "Wherefore your petitioner asks that a writ of habeas corpus may be granted, and he may be discharged from such unlawful imprisonment."

In a note following that, this author say:

"This form is taken from In re Sipe, an unreported case in the supreme court, and is an exact copy of form in 1 Bates Pldg., p. 666, and in Maxwell's Code Pldg., p. 72. It is inserted here because of the fact that it has been commonly used, and is the form used by the authors mentioned as well as by practitioners following the same, and is therefore entitled to consideration, as well as for the purpose of making a comparison and more fully illustrating the rules stated in ante, section 652, which are believed to be correct. The writer, however, does not believe it to be a correct form, for reasons stated in a preceding section, 652. It is subject to a motion to make definite and certain by setting forth the facts constituting the unlawful imprisonment or restraint, and because it is the statement of a mere legal conclusion, according to the authorities cited in ante section 652. This view has been taken by a trial court upon a motion of this character in the case of In re Barnes, 30 W. L. B., 164 The proper form is the one in section 653."

I find on examination that the present statutes on the subject of habeas corpus have not been changed since 1874. The chapter was enacted as it now stands on the 8th of February, 1847. Some changes were made at that time—some amendments—and it has remained in that form to the present time.

In Hurd on Habeas Corpus (the edtion that I have here was published in 1858) on page 216, he says:

"It does not appear to have been considered indispensable in Ohio or Pennsylvania, under their statutes, to state fully the circumstances of the imprisonment or restraint, constituting the ground upon which the applicant relies for relief." That is to say, it appears to have been dispensable.

"In the case of Commonwealth v. Tilgham, on habeas corpus, before the court of common pleas for Philadelphia county, decided in 1848, it was moved by the defendan's counsel that the writ

be quashed, on the ground that the petition did not set forth what restraint. Judge King said, that

"The form of petition adopted in this case has been the form in existence and practice during his entire judicial recollection, which extends over twenty-four years. If the petition states that he has been restrained of his liberty for no criminal matter, and is sustained by oath, it has always been considered sufficient. Precedent has settled the practice into a principle which cannot now be disturbed.

"If the matter were now de novo, the form might be amended. Suppose the man is restrained without any cause being assigned, how could he then regain his liberty?

"The ground resides in the bosom of the party who restrains. The cause may be given, and the petitioner would be unable to make oath to the ground alleged. There is no hardship in this. If there is no restraint, the answer to the petitioner who says, 'You restrain me of my liberty,' is, I do not, you may go.

"Where the party makes oath that he is restrained of his liberty, without any criminal charge, it puts the burden upon the other side, to show why he does so."

That appears to follow from what is required by section 5728 of the statutes, and it seems from what Hurd says in his work that the satutes of Ohio and Pennsylvania are similar, if not the same.

Our legislature has provided, in section 5728, what the return shall aver:

"When the person to be produced is imprisoned or restrained by an officer, the person who makes the return shall state therein, and in other cases the person in whose custody the prisoner is found shall state, in writing, to the court or judge before whom the writ is returnable. plainly and unequivocally.

"1. Whether he has or has not the party in his custody or power, or under restraint.

"2. If he has the party in his custody or power, or under restraint, he shall set forth, at large, the authority and the true and whole cause of such imprisonment and restraint, with a copy of the writ, warrant, or other process, if any, upon which the party is detained.

"3. If he has had the party in his custody or power, or under restraint, and has transferred such custody or restraint to another, he shall state, particularly to whom, at what time, for what cause, and by what authority, such transfer was made."

So that the statutes seem to place upon the party who restrains another of his liberty, the burden of stating—in the language of the statute, "he shall set forth at large the authority and the true and whole cause of such imprisonment and restraint with a copy of the writ." And it is difficult to see why a petitioner should set forth at large in the petition the authority and the cause of such imprisonment, when the same is required of the respondent.

If we are correct in that, we might quote the language of Judge King in the Pennsylvania case that "Precedent has settled the practice into a principle which cannot now be disturbed."

In that view of the case, the matter set out in this indictment was immaterial to a petition for a writ of habeas corpus, and it was one of the essential elements of the crime of perjury that the matter sworn to must be material. The cases that we find are that the matter sworn to must be material to the issue; and, on examination of the cases, we find that, in every instance, it is a matter that has been testified to by a witness, in a case where issues are made. But, where it is predicated on a matter sworn to in a pleading I suppose a more nearly correct expression would be that it must be material to the case, or material to the pleading. On the same principle, it would seem logical that perjury could not be committed by verifying something in a pleading that was not material—something that was surplusage, or an immaterial averment, or something that has no connection with the case.

The purpose of the law is to prevent persons from corruptly verifying to facts that have any tendency to move the court to act in the matter; and where the matter set out in the pleading is not material to the pleading, is foreign to the case, and has no effect to the case, and has no effect whatever on the court one way or another, or in the case, it could not be perjury. If these views are correct, we think this matter complained of was immaterial to the petition, because the plaintiff was not required to set out whether the five dollars fine had been paid. It was only necessary for him to say that he was unlawfully restrained of his liberty; and, under that view, the demurrer we think should be sustained.

Exceptions are noted, and the defendant is discharged.